EASTERN DIST.
January, 1832.

NOLTE & CO.
vs.
THEIR CREDI-
TORS ET ALS.

---

NOLTE & CO. *vs.* THEIR CREDITORS ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Privileged creditors who have been paid the amount of their debts cannot attack the regularity of the sale of the insolvent's estate until they have returned the money. A demand of the syndics will not authorise such an action.

The facts are stated in the opinion of the court delivered by *Porter, J.*

The petitioners state that they are creditors of the insolvent, and that they oppose the sale of a part of his property, made by the syndics, because the formalities directed by law for the alienation of it, had not been pursued in these.

That the sale was not advertised in the manner required by law.

That the conditions of sale were not made known as part of the advertisement of sale.

That no appraisement thereof was made. That a greater amount of money in hand, or cash payment, was required than the said syndics were authorised to require. That it was improper and illegal to sell said property on any terms but

EASTERN DIST.
January, 1832.

NOLTE & CO.
vs.
THEIR CREDI-
TORS ET ALS.

those fixed by the meeting of the creditors. That the said property was sold on other terms than those agreed on at the deliberation of the creditors; and finally, that it was sold as an entire object, when it ought to have been sold in parcels.

They further allege, that at this sale, William Nott, W. W. Montgomery and I. Abat, became the purchasers, and that they have received rents and profits from the premises to the amount of twenty thousand dollars.

They, therefore, oppose so much of the tableau filed by the syndics as sets forth that the property was sold.

And they pray, that the syndics of the estate and the purchasers may be cited; that the sale may be set aside, that the property in question may be declared to belong to, and form a part of the said insolvent's estate, and be sold for the benefit of the estate; and that the purchasers account to the syndics for the rents and profits.

The syndics answered this petition by stating among other matters, not necessary to be set out, that the subject matter of the opposition had already passed into the authority of the thing adjudged. That all the tableaus filed in the estate have been homologated; and that the plaintiffs, who are privileged creditors, have already received every thing due to them.

The purchasers pleaded that they had a good title under the sale; and that in no event, were they responsible for the rents and profits.

The cause was submitted to a jury, who found for the defendants. The plaintiffs appealed.

On the first tableau of distribution filed by the syndics, the sale now attacked, was set forth, and the petitioners were carried on this tableau as privileged creditors on the proceeds, for the whole amount of their claims. This tableau was homologated, and the amount due to plaintiffs paid to them.

Subsequently it was ascertained that another person who had a higher privilege than the appellants on the property, was a creditor for a larger amount, than at first considered by the syndics. On the second tableau the fact was stated, and it necessarily followed that the plaintiffs would be compelled

34

EASTERN DIST.
January, 1831.

NOLTE & CO.
vs.
THEIR CREDI-
TORS ET ALS.

to contribute in proportion to the amount received by them, a sum sufficient to satisfy the higher claim, there not being enough to pay all. The tableau also was homologated without any opposition as to the sale. Two of the petitioners filed opposition to it on other grounds.

Some time after the homologation, the syndics took a rule on the petitioners to pay back the amount overpaid them, of their proportion arising out of the proceeds of the sale of the cotton press. To this rule, they pleaded among other matters, *res judicata*, and insisted that the matters and things presented by it, had been already settled by the tableau of distribution.

Immediately after putting in these pleas, and before any decision was had on the issue created by them, this action was instituted, and we have already seen that the same defence of *res judicata* is made to it, which the petitioners offered to the demand of the syndics.

<div style="margin-left:2em">Privileged creditors who have been paid the amount of their debts, cannot attack the regularity of the sale of the insolvent's estate until they have returned the money. A demand of it by the syndics will not authorise such an action.</div>

The failure to make opposition to the tableau and its homologation, would in an ordinary case, give to the proceedings the authority of the thing judged; but the petitioners assert that their non-opposition proceeded from a belief that the sale of the property, produced enough to satisfy their demands. That as the tableau on the face of it, showed enough to satisfy them, they had no interest to oppose it, and could not have done so successfully. In other words, they contend their assent was given through error, and is not binding on them.

The question presented by these arguments, as well as the other points made, as to the legality of the sale, are by no means free from difficulty. We waive, however, a particular examination of them at this time, as there is another point in the cause, on which it must be determined.

The facts show payment has been made to that portion of the petitioners who are privileged creditors, to the whole amount of their claims on the estate, and that the money so paid is yet retained by them. If injury to them, be the sole ground on which they can attack the sale, and we think it is the sole ground, they have shown none to authorise this suit. They offer proof, it is true, of the syndics having called on

them to refund part of the money, but a mere demand of this nature does not enable them to disturb purchasers.    It is not injury apprehended, but injury sustained, that can confer such a right.    We do not know whether the demand made on them by the syndics will be persisted in, or if persisted in, what will be the result, for we cannot try in this case matters at issue in another suit.    It was urged, that we should disregard forms, and dispose of the cause on its merits, as the whole case, together with the pleadings in the other action, are before us.    We have every desire not to permit matters of form to embarrass the merits of controversies brought before us, as our proceedings almost daily testify.    But this matter is not of form, but essentially of substance.    The right of the plaintiffs to disturb this sale, terminated the moment they were paid by the syndics the amount of the debt due to them by the insolvent, and it can only revive on the re-payment of the whole or a part of the money received in discharge of their debt.    The analogy between the situation of the creditors now before us and the purchaser of property with warranty, appears to us striking.    It is not demand, but eviction, which enables him to recover back the money he has paid.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that there be judgment for the defendants as in case of non-suit, with costs in both courts.

<div align="center">SAME CASE.</div>

An application has been made to amend the judgment in this case, and the appellees have agreed it should be acted on without further argument.    The appellants complain that they have been ordered to pay costs in a case where they succeeded in reversing the judgment below.    This complaint is well founded.    The rule is perfectly settled that the party cast on the appeal must pay the costs, no matter whether he succeeds in the suit or not.    Our former judgment must be corrected, and made to read thus.

<div align="right">
EASTERN DIST.
<i>January,</i> 1832.

NOLTE & CO.
<i>vs.</i>
THEIR CREDI-
TORS ET ALS.
</div>

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed, and that there be judgment for defendants as in case of non-suit, the appellant paying the costs of the court in the first instance, and the appellees those of appeal.